Appeal No. 15-1909

# United States Court of Appeals

*for the*

# Federal Circuit

ROBERT MANKES,

*Plaintiff-Appellee,*

— v. —

VIVID SEATS LTD.,

*Defendant-Appellant.*

## APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA IN CASE NO. 5:13-CV-00717-FL, JUDGE LOUISE WOOD FLANAGAN

## OPENING BRIEF OF DEFENDANT-APPELLANT

JOSEPH R. POPE
WILLIAMS MULLEN
A PROFESSIONAL CORPORATION
200 South 10th Street
Richmond, Virginia 23219
(804) 420-6000

RICHARD T. MATTHEWS
ANDREW R. SHORES
WILLIAMS MULLEN
A PROFESSIONAL CORPORATION
301 Fayetteville Street,
Suite 1700
Raleigh, North Carolina 27601
(919) 981-4000
(919) 981-4300

*Attorneys for Defendant-Appellant*

October 6, 2015

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Defendant-Appellant Vivid Seats LTD., Richard T. Matthews, certifies the following:

1.  The full name of the party represented by me in the case is Vivid Seats LTD.

2.  The name of the real party in interest represented by me is Vivid Seats LTD.

3.  Vivid Seats LTD. is not owned by any parent corporation and no publically held corporation owns 10% or more of its stock.

4.  The names of the law firms and the partners and associates that have appeared for Vivid Seats LTD in the lower tribunal and/or are expected to appear for the party in this court are:

> Richard T. Matthews
> Andrew R. Shores
> WILLIAMS MULLEN, P.C.
> 301 Fayetteville St., Ste 1700
> Raleigh, North Carolina 27601
>
> Joseph R. Pope
> WILLIAMS MULLEN, P.C.
> 200 South 10th Street
> Richmond, Virginia 23218

i

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ..............................................................i

TABLE OF AUTHORITIES .................................................. ii

STATEMENT OF RELATED CASES ..................................................iv

INTRODUCTION ...........................................................................1

STATEMENT OF JURISDICTION........................................................2

STATEMENT OF THE ISSUES............................................................2

STATEMENT OF THE CASE AND FACTS .........................................3

SUMMARY OF THE ARGUMENT .....................................................7

STANDARD OF REVIEW ................................................................8

ARGUMENT ....................................................................................9

I.     Mankes' Insistence On Pursuing An Infringement Claim For
       Which He Could Not Reasonably Expect To Succeed Makes
       This Case Exceptional ...............................................................9

       A.     This Court Employs a Flexible Approach to Decide
              Whether a Case Is Exceptional ......................................10

       B.     Vivid Seats Is the Prevailing Party for Purposes of § 285.............12

       C.     This Case Is Exceptional Because No Reasonable Litigant
              Could Have Expected Success on the Merits ................13

II.    The District Court Failed To Articulate Adequately Its Rationale
       For Not Finding This Case Exceptional ...................................16

CONCLUSION ...............................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Akamai Technologies., Inc. v. Limelight Networks*, *Inc.*,
___ F.3d ___, 2015 WL 4760450 (Fed. Cir. Aug. 13, 2015)................*passim*

*BMC Resources, Inc. v. Paymentech, L.P.*,
498 F.3d 1373 (Fed. Cir. 2007) .........................................................5, 14, 15

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*,
393 F.3d 1378 (Fed. Cir. 2005) .......................................................................10

*Classen Immunotherapies, Inc. v. Biogen Idec*,
2014 WL 2069653 (D. Md. May 14, 2014) ..........................................12, 16

*Commil USA, LLC v. Cisco Sys.*,
*Inc.*, ___ U.S. ___ 135 S. Ct. 1920 (2015) .................................................. 8-9

*Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*,
524 F.3d 1254 (Fed. Cir. 2008) ....................................................................13

*Electro Scientific Indus., Inc. v. Gen. Scanning Inc.*,
247 F.3d 1341 (Fed. Cir. 2001) ......................................................................9

*Gechter v. Davidson*,
116 F.3d 1454 (Fed. Cir. 1997) .....................................................................16

*GP Indus., Inc. v. Eran Indus., Inc.*,
500 F.3d 1369 (Fed. Cir. 2007) .....................................................................13

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)........................................................................................16

*Hollister Inc. v. E.R. Squibb & Sons, Inc.*,
902 F.2d 44, 1990 WL 52611 (Fed. Cir. 1990)............................................18

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
134 S. Ct. 2111 (2014)...............................................................................4, 15

*Lumen View Technology, LLC v. FINDTHEBEST.COM, Inc.*,
24 F. Supp. 3d 329 (S.D.N.Y. 2014) ............................................................13

*MarcTec, LLC, v. Johnson & Johnson*,
664 F.3d 907 (Fed. Cir. 2012) ......................................................................16

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008) .............................................................1, 5, 9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    __ U.S. __, 134 S. Ct. 1749 (2014) .................................................................8

*On-Demand Machine Corp. v. Ingram Indus.,
    Inc.*, 442 F.3d 1331 (Fed. Cir. 2006) .........................................................5, 15

*Power Mosfet Technologies, LLC v. Siemens AG*,
    378 F.3d 1396 (Fed. Cir. 2004) ....................................................................12

*Superior Fireplace Co. v. Majestic Prods. Co.*,
    270 F.3d 1358 (Fed. Cir. 2001) ................................................................17, 18

*Wedgetail Ltd. v. Huddleston Deluxe, Inc.*,
    576 F.3d 1302 (Fed. Cir. 2009) ................................................................17, 18

**Statutes & Other Authorities:**

28 U.S.C. § 1295(a)(1) ..................................................................................2

28 U.S.C. § 1338(a) ......................................................................................2

35 U.S.C. § 285 .....................................................................................*passim*

Fed. R. App. P. 4(a)(1)(A) ...........................................................................2

## **STATEMENT OF RELATED CASES**

Pursuant to Federal Circuit Rule 47.5, Appellant-Defendant Vivid Seats states as follows:

(a) This appeal is a companion case to *Mankes v. Vivid Seats Ltd. & Fandango, Inc.*, Nos. 15-1500, -1501. This Court has yet to decide those cases.

(b) Resolution of the issues presented by this appeal may be affected by the Court's ruling on the companion cases, *Mankes v. Vivid Seats, Ltd. & Fandango, Inc.*, Nos. 15-1500, -1501.

# INTRODUCTION

For almost two years, Appellant-Defendant Vivid Seats LTD. ("Vivid Seats") has incurred substantial attorneys' fees from defending against a meritless patent infringement lawsuit. In 2013, Appellee-Plaintiff Robert Mankes ("Mankes") filed an action alleging infringement of U.S. Patent No. 6,477,503 ("the '503 Patent"). He brought the action under the theory that Vivid Seats indirectly infringed the patent even though it did not perform every step of the invention. Despite the single-entity rule established by this Court in *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008), he claimed that Vivid Seats was nevertheless liable because it and its customers purportedly combined to perform all of the method steps. But from the time he filed his action until today, *Muniauction* has remained binding precedent and the standard for finding multi-party infringement under the single-entity rule has remained consistent: to hold an entity liable for infringement of a method claim where it and third parties together perform each of the method steps, the third-parties' steps must be attributable to the single defendant (*e.g.*, through defendant's direction or control of the third party or under a theory of joint enterprise).

Mankes never alleged, and cannot allege, that Vivid Seats directs or controls the actions of its Sellers or that Vivid Seats and its Sellers form a joint enterprise. Undaunted by the state of the law and the knowledge that the facts pleaded below

1

cannot support a claim for infringement, Mankes has maintained his lawsuit. Vivid Seats is entitled to its attorneys' fees in this exceptional case. This Court should reverse the district court's ruling and remand for a determination of the quantum of attorneys' fees and costs due Vivid Seats.

## STATEMENT OF JURISDICTION

Vivid Seats contests the district court's denial of its Motion for Attorneys' fees. Mankes filed an action alleging patent infringement, invoking the district court's jurisdiction under 28 U.S.C. § 1338(a). The district court entered final judgment in favor of Vivid Seats on its Motion for Judgment on the Pleadings on February 26, 2015. Vivid Seats filed a Motion for Attorneys' Fees on March 12, 2015. The district court denied the Motion on June 30, 2015. Vivid Seats timely appealed on July 29, 2015. *See* Fed. R. App. P. 4(a)(1)(A). This Court has appellate jurisdiction under 28 U.S.C. § 1295(a)(1).

## STATEMENT OF THE ISSUES

1.      Whether the district court abused its discretion in holding that this case is not "exceptional" under 35 U.S.C. § 285, where Mankes repeatedly pursued baseless claims for which no reasonable litigant could have expected to succeed and refused to dismiss the case despite multiple requests to do so.

**2.**     Whether the district court erred in failing to provide sufficient reasoning or analysis in deciding the case was not exceptional, thereby depriving this Court, and Vivid Seats, of the opportunity for meaningful appellate review.

## STATEMENT OF THE CASE AND THE FACTS

Mankes sued Vivid Seats on October 14, 2013, for infringement of the '503 Patent. (App. 8.) Mankes alleged in his Complaint that Vivid Seats "uses and operates an internet-based reservation system for reserving, buying, and selling tickets" to a variety of live shows and events that directly and/or indirectly infringes "one or more claims of the '503 Patent," (App. 9–10.) He conceded, however, that Vivid Seats' reservation system performs only "some [but not all] of the steps of the claimed invention." (App. 10.) He did not allege facts showing that Vivid Seats in any way directed or controlled its Sellers, or that the Sellers' acts were in any way attributable to Vivid Seats.

On February 26, 2014, Vivid Seats advised Mankes that it intended to move to dismiss the Complaint, and requested Mankes' consent. Mankes refused. (App. 64, 76.) Instead, Mankes filed an Amended Complaint on February 28, 2014. (App. 29.) Yet, the Amended Complaint failed to state whether Mankes was proceeding under a theory of direct or indirect infringement, failed to make any allegation that Vivid Seats sold a product or service specifically adapted to infringe the '503 patent, and failed to allege that the actions of the Sellers were in any way

3

attributable to Vivid Seats. (*See* App. 29–33.) By e-mail, Mankes' counsel clarified that while the Amended Complaint did "not contain the word 'indirect' . . . it clearly articulate[d] that the theory at issue in the case is one of *indirect infringement*." (App. 42 (emphasis added).) Mankes' counsel also made clear that "there is not an allegation of direct infringement" in the Amended Complaint. (*Id.*)

Vivid Seats filed its Answer to the Amended Complaint on April 7, 2014. (App. 4.) On April 11, 2014, Vivid Seats filed a *contested* Motion to Stay Pending the Supreme Court's Decision in *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111 (2014). (*Id.*) After the district court granted a similar motion to stay the proceedings in Mankes' related case against Fandango, Mankes finally agreed to a Joint Motion to Stay. (App. 36.) Importantly, Mankes admitted and agreed in the Joint Motion that "[i]f the Supreme Court holds that to establish inducement of infringement requires that a single actor perform all the steps of a method claim, the inducement claims plead against Vivid would not meet that standard." (App. 37.)

The Supreme Court in *Limelight* found that a defendant is not liable for inducing patent infringement unless there is an underlying act of direct infringement for which a single actor can be held responsible. 134 S. Ct. at 2117 ("[W]here there has been no direct infringement, there can be no inducement of infringement under § 271(b)."). The Supreme Court also confirmed that direct

4

infringement of a method claim requires that performance of all of the steps be "attributable to the same defendant, either because the defendant actually performed those steps or because he directed or controlled others who performed them." *Id.* (citing *Muniauction*, 532 F.3d at 1329–30). Despite the Court's ruling, and Mankes' acknowledgement that the Amended Complaint did not meet the standard, Mankes refused to dismiss his infringement claims, forcing Vivid to, among other things, prepare and file its Motion for Judgment on the Pleadings. (App. 40, 65.)

In response to Vivid Seats' Motion, Mankes shifted his position and argued that Vivid Seats was liable under an ill-founded multiparty direct infringement theory. (App. 45–47.) Specifically, Mankes argued that the district court should apply a standard under which an entity may be found liable for direct infringement regardless of whether the actions of third parties may be attributed to it based on direction or control. To advance this suspect theory Mankes relied on *dicta* from *On-Demand Machine Corp. v. Ingram Indus., Inc.*, 442 F.3d 1331 (Fed. Cir. 2006), which purportedly established a "participation and combined action" standard for multi-party infringement. *Id*. at 1344–45. But Mankes ignored that this Court had previously considered and expressly rejected such a standard in *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007) ("*On Demand* did not change this court's precedent with regard to joint infringement. Infringement

requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention."). Recognizing that Mankes' argument lacked merit, the district court on February 26, 2015, granted Vivid Seats' Motion and dismissed the Amended Complaint. (App. 48.)

Mankes appealed the district court's judgment. On appeal, and in light of this Court's *en banc* decision in *Akamai Technologies., Inc. v. Limelight Networks, Inc.*, ___ F.3d ___, 2015 WL 4760450 (Fed. Cir. Aug. 13, 2015) ("*Akamai III*") Mankes again shifted positions and argued his case was in fact brought under a theory of multi-party direct infringement based on Vivid Seats' *direction or control* of its Sellers. (*See* Reply Br. of Appellant at 4, *Mankes v. Vivid Seats LTD*., Nos. 2015-1500,-1501.) But as explained in Vivid Seats' Surreply, Mankes pleaded no facts to support the claim that Vivid Seats directs or controls the actions of its Sellers, and Mankes expressly acknowledged in his Opening Brief that the facts alleged did not support a finding of direction or control based on a theory of joint enterprise. (*See* Surreply of Appellees at 2–12.)

After the district court dismissed the Amended Complaint, Vivid Seats filed its Motion for Attorneys' Fees, highlighting the objectively baseless nature of Mankes' positions and his unwillingness to dismiss his case voluntarily. (App. 57.) The district court denied Vivid Seats' motion through a perfunctory "Text Order" that reads: "Having carefully considered the totality of the circumstances, in its

discretion, where the court does not deem this case "exceptional" pursuant to 35 U.S.C. § 285 and applicable law, defendant's motion for attorneys' fees is DENIED." (App. 1.) Vivid Seats appealed. (App. 7.)

## SUMMARY OF THE ARGUMENT

1.    This Court should reverse the district court's determination that this case is not "exceptional" under 35 U.S.C. § 285, and remand the case for a determination of an appropriate fee award. From the beginning, Mankes pressed objectively baseless claims on which no reasonable litigant could expect to succeed. The standard for finding multi-party infringement of a method claim is the same today as it was two years ago: the defendant must "direct or control" the others' performance of method steps not performed by the defendant such that they are attributable to the defendant. *See Akamai III*, 2015 WL 4760450, at *1.

Mankes never alleged in the original Complaint or the Amended Complaint that the actions of the Sellers are in any way attributable to Vivid Seats. His failure to allege a theory of recovery consistent with precedent from this Court and the Supreme Court makes clear that Mankes knew, or should have known, that his claim was baseless. But he pursued the claim anyway, forcing Vivid Seats to expend substantial attorneys' fees. Moreover, Mankes' reliance on the expressly discounted *dicta* from *On-Demand Machine Corp.* further demonstrates that Mankes knew, or should have known, that he could not allege the requisite

7

attribution. Because Mankes chose to continue his case in the absence of any viable theory of recovery, this case is "exceptional" under 35 U.S.C. § 285. Vivid Seats is accordingly entitled to an award of its reasonable attorneys' fees.

**2.**     In the context of § 285, a district court must provide a reasoned basis for granting or denying a motion for attorneys' fees. Otherwise, this Court will be unable to fulfill its core function of providing meaningful appellate review. The need for an adequate explanation is especially acute in cases such as this where the record includes evidence of one or more of the exceptional case factors identified by the Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749, 1756 n.6 (2014) (*e.g.*, "objective unreasonableness"). Here, the district court entered only a cursory Text Order, devoid of analysis or reasoning, stating that the case is not exceptional and denying Vivid Seats' Motion for Attorneys' Fees. The unexplained denial came despite substantial evidence that from the start Mankes pursued an objectively baseless case. Consequently, at minimum, the district court's order denying Vivid Seats' Motion for Attorneys' Fees should be vacated and remanded for further proceedings.

## STANDARD OF REVIEW

The district court's decision to grant or deny attorneys' fees under § 285 is reviewed for abuse of discretion. *See Commil USA, LLC v. Cisco Sys., Inc.*, ___

U.S. ___ 135 S. Ct. 1920, 1930–31 (2015); *Electro Scientific Indus., Inc. v. Gen. Scanning Inc*., 247 F.3d 1341, 1349 (Fed. Cir. 2001).

## ARGUMENT

Since filing his claim, Mankes has failed to allege sufficient facts to support any one of his objectively baseless theories of infringement of the '503 Patent. Mankes' unreasonable positions, along with his unwillingness to dismiss his case, makes this an exceptional case under 35 U.S.C. § 285. An award of attorneys' fees is appropriate. In addition, the district court's perfunctory and conclusory refusal to find this case exceptional, despite the presence of factors supporting such a finding, demands, at minimum, that the district court's order be vacated and the matter remanded for further consideration.

**I.     Mankes' Insistence On Pursuing An Infringement Claim For Which He Could Not Reasonably Expect To Succeed Makes This Case Exceptional.**

When Mankes filed his lawsuit in October 2013, the law for finding direct infringement when multiple parties performed separate steps of a method claim was clear: a "claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, *i.e*., the 'mastermind.'" *Muniauction*, 532 F.3d at 1329. Today, the standard remains substantially the same: "an entity [is] responsible for others' performance of method steps in two sets of circumstances: (1) where that entity

directs or controls others' performance, and (2) where the actors form a joint enterprise." *Akamai III*, 2015 WL 4760450, at *1. Mankes utterly failed to plead sufficient facts to demonstrate that Vivid Seats directed or controlled the actions of its Sellers, or that the Sellers' conduct was attributable to Vivid Seats in any way. (*See* App. 48–56.) This is because Vivid Seats does not, in fact, direct or control its Sellers, and the Sellers' conduct cannot be attributed to Vivid Seats under any recognized standard. Mankes' failure to adequately plead direct infringement of the '503 patent, despite knowing at the time of filing and throughout the litigation that direct infringement was required, demonstrates that Mankes could not plead a viable case. His dogged pursuit of this meritless lawsuit coupled with his unreasonable refusal to dismiss the action even as events underscored the baselessness of his positions makes this an exceptional case for which Vivid Seats is due an award of attorneys' fees.

### A.     This Court Employs a Flexible Approach to Decide Whether a Case Is Exceptional.

Under the "American Rule," litigants generally pay their own attorneys' fees, win or lose. *See, e.g.*, *Octane Fitness*, 134 S. Ct. at 1753. However, § 285, provides an exception to this rule: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." In *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc*., 393 F.3d 1378 (Fed. Cir. 2005), the Court developed an inflexible standard for deciding whether a case was "exceptional" under § 285.

Under *Brooks Furniture*, a case was considered exceptional only "when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." *Id.* at 1381. In *Octane Fitness*, the Supreme Court overruled *Brooks Furniture*, finding its framework "unduly rigid" and at odds with "the statutory grant of discretion to district courts." 134 S. Ct. at 1756. Under *Octane Fitness*, the Supreme Court adopted a flexible standard under which courts must view each case separately and consider the totality of the circumstances. 134 S. Ct. at 1756 (holding that courts should "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances"). The Court also replaced the "clear and convincing" evidentiary standard with a "preponderance of the evidence" standard. *Id.* at 1758.

The Court explained that "[a]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* In exercising its discretion, a court may consider, among other factors, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)

11

and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6. Pursuit of an objectively baseless claim is sufficient to make a case exceptional. *See, e.g.*, *Classen Immunotherapies, Inc. v. Biogen Idec*, 2014 WL 2069653, at *3 (D. Md. May 14, 2014) ("[T]he Court may impose sanctions against a patent plaintiff under § 285 when 'the litigation is objectively baseless' or 'the plaintiff brought [the case] in subjective bad faith.'" (quoting *Octane Fitness*, 134 S. Ct. at 1757)).

## B.    Vivid Seats Is the Prevailing Party for Purposes of § 285.

Whether a party in a patent case is a "prevailing" party is a matter of Federal Circuit law. *Power Mosfet Technologies, LLC v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004). There can be no dispute that Vivid Seats is the prevailing party. The district court dismissed Plaintiff's claims with prejudice and closed the case. (App. 55–56.) And a dismissal on the pleadings is with prejudice and constitutes a judgment on the merits. *Id.*; *see Classen*, 2014 WL 2069653, at *4 ("Following the Court's dismissal with prejudice of Classen's claims against it . . . Biogen will be the "prevailing party" under §285, because it has obtained—in its favor—a judicially sanctioned material alteration of its relationship with Classen."). Having obtained a final judgment in its favor on the merits, Vivid Seats is the prevailing party under § 285.

**C.     This Case Is Exceptional Because No Reasonable Litigant Could Have Expected Success on the Merits.**

In the wake of the Supreme Court's ruling in *Octane*, a case may be considered exceptional "when a party engages in unreasonable litigation" even if that conduct is not separately sanctionable under the Federal Rules of Civil Procedure. *Classen*, 2014 WL 2069653, at *3. As noted *supra*, "the Court may impose sanctions against a patent plaintiff under § 285 when 'the litigation is objectively baseless' or 'the plaintiff brought [the case] in subjective bad faith.'" *Id*. "To be objectively baseless, the infringement allegations must be such that no reasonable litigant could reasonably expect success on the merits." *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008) (quoting *GP Indus., Inc. v. Eran Indus., Inc*., 500 F.3d 1369, 1374 (Fed. Cir. 2007)); *see also Lumen View Technology, LLC v. FINDTHEBEST.COM, Inc*., 24 F. Supp. 3d 329, 335 (S.D.N.Y. 2014).

Here, no reasonable litigant could expect to succeed on the merits. Liability for patent infringement under sections 271(a) or 271(b) requires (both at the time of the original filing and today) direct infringement of the asserted patent that is attributable to a single entity. *See Akamai III*, 2015 WL 4760450, at *1; *Muniauction*, 532 F.3d at 1328. By Mankes' admission in his pleadings, no single entity actually performs each and every step of the '503 Patent. (App. 10, 32.) Accordingly, Mankes' claim has merit (both at the time of filing and today) only if

13

he can allege that the actions of the Sellers is somehow attributable to Vivid Seats. *Akamai III*, 2015 WL 4760450, at *1. Mankes did not, and cannot, do so.

Mankes initially attempted to rely on a theory of induced infringement even though binding precedent at the time mandated infringement of the asserted patent by a single entity. *BMC*, 498 F.3d at 1379 ("Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement."); *id.* at 1380 (explaining a claim for divided infringement requires a showing that one party "control[led] or direct[ed] each step of the patented process."). After Vivid Seats conferred with Mankes about filing a motion to dismiss (given the insufficient factual allegations), and requested dismissal of the suit, Mankes raced to the courthouse to file his Amended Complaint. The Amended Complaint, however, included only minor changes (*e.g.*, removal of the phrase "direct and/or indirect" from its claim of infringement). (*See* App. 29.) Critically absent were *any* allegations directed to attribution of third-party performance of method steps to Vivid Seats.

Vivid Seats then challenged Mankes' new vague theory of infringement, and Mankes had no choice but to admit that "there is not an allegation of direct infringement" and "the theory at issue in the case is one of indirect infringement." (App. 42.) Once again, Vivid Seats urged Mankes to dismiss his baseless claims. He refused. Instead, he again disregarded binding Federal Circuit precedent and

sought to unreasonably sustain his flawed case under yet another theory seeking liability despite no attributable action by third parties, this time relying on language from *On-Demand Machine Corp.* (App. 45). But not only was the relied upon language *dicta*, its legal validity had been subsequently considered by this Court and expressly rejected. *See BMC*, 498 F.3d at 1380.

The district court later stayed the case pending the Supreme Court's decision in *Limelight*. Despite the Supreme Court's *Limelight* decision, which further undermined Mankes' infringement claims, Mankes refused to concede. *Id.* at 2118 ("[P]erformance of all the claimed steps cannot be attributed to a single person, so direct infringement never occurred. Limelight cannot be liable for inducing infringement that never came to pass."). Vivid Seats was then forced to prepare and file its Motion for Judgment on the Pleadings, which the district court granted. (App. 48.)

Even today, Mankes continues to pursue his baseless claims through an appeal to this Court, despite the fact that the Amended Complaint fails to allege, as required, that actions of the Sellers are somehow attributable to Vivid Seats. *Akamai III*, 2015 WL 4760450, at *1. Mankes has therefore caused Vivid Seats to incur even more attorneys' fees in defending this baseless suit.

Mankes repeatedly and unreasonably sought to sustain this action with a moving target of baseless legal theories long after it was clear there were no

objectively reasonable claims available. At any number of points during this litigation, Mankes could have (and should have) dismissed his claims. He did not. As such this case is "exceptional" under the totality of the circumstances test articulated in *Octane Fitness*, 134 S. Ct. at 1757 ("[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."); *MarcTec, LLC, v. Johnson & Johnson*, 664 F.3d 907, 918 (Fed. Cir. 2012) ("Each of these findings supports the conclusion that MarcTec subjectively knew that it had no basis for asserting infringement and therefore pursued this litigation in bad faith.); *Classen*, 2014 WL 2069653, at *6 ("Because Classen's infringement claims against Biogen were objectively baseless, this case is exceptional under § 285."). Vivid Seats is therefore entitled to a ruling that this case is exceptional, and this matter should be remanded to the district court for a determination of an appropriate award of attorneys' fees.

## II.    The District Court Failed To Articulate Adequately Its Rationale For Not Finding This Case Exceptional.

To provide meaningful appellate review, district courts are generally required to explain the reasoning underlying their decisions. *See Hensley v. Eckerhart*, 461 U.S. 424, 437–40 (1983) (stating that where meaningful appellate review is not possible, remand for a fuller explanation of fee decision is appropriate); *Gechter v. Davidson*, 116 F.3d 1454, 1457 (Fed. Cir. 1997) (vacating

and remanding a decision by the district court for failure to provide adequate findings of fact and conclusions of law in support of its decision). That said, the deference owed to district courts in the context of "exceptional case" determinations under § 285 can, *in some cases*, allow for denials that do not include such analysis or reasoning. *See Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1305 (Fed. Cir. 2009). This deference cannot be extended, however, to situations where, like here, one or more of the "exceptional case" factors discussed above are present (*e.g.*, the continued pursuit of an objectively baseless claim) but the court nevertheless declares the case not "exceptional." *Id.* (citing *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1377 (Fed. Cir. 2001) (stating "it is important that the court provide some indication of the reasoning underlying its [not exceptional case] decision to provide a basis for meaningful appellate review").

From the start, Mankes has pursued a claim for which no reasonable litigant could expect success on the merits, and continued to do so despite a series of rulings from the district court, this Court, and the Supreme Court making clear that such relief was unavailable to him. Despite Mankes' obstinacy, and the dismissal of his case, the district court declared the case not exceptional, stating summarily that "[h]aving carefully considered the totality of the circumstances, in its discretion, where the court does not deem this case "exceptional" pursuant to 35

17

U.S.C. § 285 and applicable law, defendant's motion for attorneys' fees is DENIED." (App. 1.) Given the significant evidence that Mankes pursued (and continues to pursue) meritless claims, a statement of the district court's reasoning is necessary to enable full and adequate appellate review. *Wedgetail*, 576 F.3d at 1305 ("[A] statement of the district court's reasoning is generally necessary to enable review . . . when attorney fees are denied despite the presence of one or more [exceptional case factors].")

In fact, the district court's cursory Order, (App. 1), is nearly identical to the order issued in *Superior Fireplace*, where the denial was vacated and the district court was required to provide findings that would permit full and consequential appellate review. 270 F.3d at 2377–78. Also like *Superior Fireplace*, there are (at a minimum) "serious and open questions" as to whether Mankes ever could have had a good faith belief in its claim that Vivid Seats infringed the '503 Patent— especially given the Complaint's failure to allege any semblance of the requisite attribution of Sellers' conduct to Vivid Seats. *Id.* at 1377 (finding "serious and open questions as to whether Superior ever had a good faith belief in its claim"); *see also Hollister Inc. v. E.R. Squibb & Sons, Inc*., 902 F.2d 44, 1990 WL 52611, at *2 (Fed. Cir. 1990) (Table) ("Because we are unable to review the denial of attorney fees and costs, we remand for findings on the exceptional case issue as

well as findings underlying the exercise of discretion in awarding or denying attorney fees.").

## CONCLUSION

Mankes' steadfast pursuit of an infringement claim on which no reasonable litigant could have expected to succeed, along with his refusal to dismiss his case at any number of times throughout the litigation, makes this an "exceptional case" under § 285. Accordingly, the district court abused its discretion in holding that the case is not exceptional. The district court's order denying attorneys' fees should be vacated and this case should be remanded to the district court for a determination of a proper attorneys' fee award. At minimum, because the district court's order fails to adequately explain its reasoning for denying attorneys' fees, this Court should vacate the district court's order and remand for further proceedings.

Respectfully submitted, this the 6th day of October, 2015.

VIVID SEATS, LTD.

BY:   */s/ Richard T. Matthews*
Richard T. Matthews
N.C. State Bar No. 32817
Andrew R. Shores
N.C. State Bar No. 46600
WILLIAMS MULLEN
A PROFESSIONAL CORPORATION
301 Fayetteville St., Ste. 1700
Raleigh, North Carolina 27601
Telephone: (919) 981-4000

19

Facsimile: (919) 981-4300
Email: rmatthews@williamsmullen.com
      ashores@williamsmullen.com

Joseph R. Pope
Va. State Bar No. 71371
WILLIAMS MULLEN
A PROFESSIONAL CORPORATION
200 South 10th Street
Richmond, Virginia 23218
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: jpope@williamsmullen.com

*Counsel for Defendant-Appellant,*
*Vivid Seats, LTD.*

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34, Appellant Vivid Seats hereby requests that this Court grant oral argument in this appeal.

# ADDENDUM

| | |
|---|---|
| 06/30/2015 | TEXT ORDER denying 43 Motion for Attorney Fees - Having carefully considered the totality of the circumstances, in its discretion, where the court does not deem this case "exceptional" pursuant to 35 U.S.C. § 285 and applicable law, defendant's motion for attorneys' fees is DENIED. Signed by District Judge Louise Wood Flanagan on 06/30/2015. (Baker, C.) (Entered: 06/30/2015) |

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on 6th day of October, 2015, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record for Plaintiff-Appellee Robert Mankes:

Anthony J. Biller
David E. Bennett
Coats & Bennett, PLLC
1400 Crescent Green, Ste. 300
Cary, NC  27518
abiller@coatsandbennett.com
dbennett@coatsandbennett.com

**WILLIAMS MULLEN**

**By:** */s/ Richard T. Matthews*
Richard T. Matthews
NC State Bar No. 32817
301 Fayetteville St., Ste. 1700
Raleigh, North Carolina  27601
Telephone:  (919) 981-4000
Email: rmatthews@williamsmullen.com
*Attorneys for Defendant*

**FORM 19. Certificate of Compliance With Rule 32(a)**

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.   This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e).

☐  The brief contains  [*state the number of* ]  _____  words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii), or

☐  The brief uses a monospaced typeface and contains  [*state the number of* ]  _____ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.   This brief complies with the or typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Appellate Procedure 28.1(e) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

☐  The brief has been prepared in a proportionally spaced typeface using

[*state name and version of word processing program* ]  _____  in

[*state font size and name of type style* ]  _____ , or

☐  The brief has been prepared in a monospaced typeface using

[*state name and version of word processing program* ]  _____ with

[*state number of characters per inch and name of type style*]  _____ .

_____
(Signature of Attorney)

_____
(Name of Attorney)

_____
(State whether representing appellant, appellee, etc.)

_____
(Date)